1   Smiley J. Harris
    c/o Post Office Box 552
2   Clearlake Park, Ca. Republic; USA
                near [95424]
3   Tele: (707) 994-1393
    IN PRO PER
4

**FILED**

**DEC 10 2020**

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

HMI

5               UNITED STATES DISTRICT COURT

6               NORTHERN DISTRICT OF CALIFORNIA

7                                    **CV20    9329**
                                     Case No.# CV

8   JAMES LA VELL HARRIS          }   COMPLAINT FOR DAMAGES &
                 Plaintiff        }   RELIEF
9                                 }
                                  }
10       v.                       }
                                  }
11  COUNTY OF LAKE; J. DAVID MARKHAM, DAVID   }
    HERRICK, ARTHUR H. MANN, ANDREW S. BLUM;  }
12  THOMAS MATTOCK; LAKE COUNTY DISTRICT      }
    ATTORNEY'S OFFICE; NICHOLAS ROTOW, SUSAN  }
13  KRONES; LAKE COUNTY SHERIFF'S DEPT.; BRIAN }
    MARTIN, NORM TAYLOR, JASON FINDLEY, ERIC  }
14  BUSSARD, TONY JACKSON, FRANKLIN GUDMUNSON, }
    DAVID PIKE, VINCENT MONREAL, ROBIN SMITH, }
15  MICHAEL HARTMAN, TRAVIS BROOKS, PETER     }
    JORDAN, MARION KNOX, LOUIS DE LOS SANTOS, }
16  MELISSA WALLAHAN, SUSAN  WEST, AMANDA     }
    MOORE, LINDSEY DUTCHER, HANK COMSTOCK,    }
17  WILLIAM TINKLER, JEREMY WICHLAZ, TABITHA  }
    CHANT; WELLPATH, KIM DETTEER, PHIL WILCOX; }
18  CLEARLAKE POLICE DEPT., OFC. BATZ;  JEAN  }
    SHIMOTO, DEPARTMENT OF MOTOR VEHICLES,    }
19  ALL AMERICAN TOWING COMPANY , and THOMAS  }
    ASMAN individually and officially,        }
20               Defendants,       }

21                    **I.   INTRODUCTION**

22  1.   Plaintiff is a layman-at-law proceeding in these matters in Sui Juris propria persona,

23       seeking review of these matters under the provisions of <u>Talley</u> v. <u>Lane,</u> 13 F.2d 1031 (7th

24       Cir. 1994) and <u>Blood</u> v. <u>Marquis,</u> 322 F. 1086 where it is held that:

25       "Pro se litigants pleadings are to be construed liberally and held to less stringent

26       standards that formal pleading drafted by lawyers; if court can reasonably read pleadings

27       to state a valid claim on which litigant could prevail, it should do so despite failure to cite

28       proper legal authority, confusion of legal theories, poor syntax and sentence construction;

1    or litigant's unfamiliarity with pleading requirements". <u>Simmons</u> v. <u>Abruzzo</u>, 49 F.3d 83

2    (2nd Cir. 1995).

3    In <u>Cameron</u> v. <u>I.R.S.</u>, 593 F.Supp. 1540 (1984), it is determined that under general

4    principles it is agreed that Pro se pleadings are held to less stringent pleading

5    requirements and technical rigors in examination of such pleadings in inappropriate. Also

6    see <u>Haines</u> v. <u>Kerner</u>, (1972) 404 U.S. 519, 30 L.Ed.2d 652, 654, 92 S.Ct. 594; <u>Hughes</u> v.

7    <u>Rowe</u> (1980) 449 U.S. 5,9-10, 101 S.Ct 173, 66 L.Ed. 2d 163; <u>Eldridge</u> v. <u>Block</u> (9th Cir.

8    1987) 832 F.2d 1132, 1137; and <u>Draper</u> v. <u>Coombs</u> (9th Cir. 1986) 793 F. 2d 915, 924.

9    Plaintiff requests that the court take judicial notice of the "***substance of the pleadings***

10   ***rather than the form***" and asks full considerations therefrom in the review of the

11   submitted documents in the above entitled case.

12   ## II.  JURISDICTION

13   3.   Plaintiff brings this action pursuant to the provisions of the Uniform Commercial Code

14        [hereinafter referred to as 'UCC'] §§ 1-303, §1-304, §1-305, §1-307; and the provisions

15        of the California Commercial Code [hereinafter referred to as 'COM'] §§ 1201(b)(1),

16        §1201(b)(2), §1201(b)(3), §1201(b)(8).

17   4.   Plaintiff alleges subject matter jurisdiction pursuant to Title 28 U.S.C. §1331, because

18        this action arises under the jurisdiction of the laws and the Constitution of the United

19        States of America and falls within the meaning of Title 28 U.S.C. §§ 2201(a), §2202 and

20        Civil Code §1708 and Title 18 U.S.C. §1595(a) and §1964(a) & (c).

21   ## III. VENUE

22   5.   Plaintiff alleges that  venue is proper in this matter pursuant to Title 28 U.S.C.

23        §§1391(b)(2) and §1402(a)(1). Venue is also proper under Title 18 U.S.C. §1965(a).

24   ## IV. PARTIES

25   6.   Plaintiff Smiley James Harris, formerly known as 'James La Vell Harris' is at all times

26        mentioned herein the aggrieved party under the provisions of COM §1201(b)(2) and is an

27        American of West African ancestry and the authorized representative pursuant to the

28        provisions of COM §1201(b)(33) for HARRIS ENTERPRISES, LLC and the Secured

Party and Creditor under the provisions of COM §1201(b)(13) for the Debtor, JAMES

LA VELL HARRIS and is the Holder pursuant to COM §1201(b)(21)(A). At all time

mentioned here, plaintiff was living in and on the land in the City of Clearlake, in and for

the County of Lake.

7.      Plaintiff is also a disenfranchised "American" under the provisions of Title 8 U.S.C.

§1481(a)(2); in that plaintiff has on public record: 1) an '*Oath*' of allegiance to uphold

and defend the Constitution of the California state Republic; 2) a '*Declaration of*

*Citizenship*' declaring plaintiff to be a Citizen of the California state Republic; 3) and a

'*Revocation of Power of Attorney*', revoking the assumption of authority inherent in

possession of the Social Security Number.

8.      Plaintiff is also at all times mentioned herein is a disabled individual under the provisions

of the California Disabled Persons Act and the Americans with Disabilities Act [ADA],

as Plaintiff is a "lifetime" medicinal user of medical marijuana under the provisions of

Health and Safety Code [HS] §§11362.5 et seq. and 11362.7 et seq. for the treatment of

plaintiff's '*chronic low back pain*' as recognized in People v. Harris, 145 Cal. App. 4th

1456, 52 Cal. Rptr 3d 577.

9.      Plaintiff is also a member of the "Church of the Greater Faith and Redemption" a

spiritual organization which uses cannabis [marijuana] as sacrament upon conviction and

belief that the body is the Living Temple of God and as such the organization prohibits

the use of pharmaceuticals and narcotics. Plaintiff's rights of spiritual use are protected

under Title 42 U.S.C. §§2000bb et seq. and §2000cc et seq.

10.     Defendant COUNTY OF LAKE [hereinafter referred to as "LC"] is at all times

mentioned herein is a "public entity/corporation" within the State of California organized

and existing under the laws of the State of California and the County of Lake; authorized

to do and doing business in the County of Lake, with their principal place of business

located at 255 North Forbes Street, Lakeport, CA. 95453.

11.     Defendant LAKE COUNTY SUPERIOR COURT [hereinafter referred to as "LCSC"] is

at all times mentioned herein this complaint a "public entity/corporation" within the State

1    of California organized and existing under the laws of the State of California and the

2    County of Lake; authorized to do and doing business in the County of Lake, with their

3    principal place of business located at 255 North Forbes Street, Lakeport, CA. 95453.

4    12.   Defendant J. DAVID MARKHAM was at all times mentioned herein an employee of the

5    LCSC, holding the rank/title of Judge/Commissioner with assigned duties that included,

6    but was not limited to: (1) upholding and defending the Constitutions of the United States

7    of America and the Constitution of the State of California; (2) the training, supervision

8    and/or instruction of her agents, employees and/or officers in compliance with the laws of

9    the State of California; (3) the hearing of court cases; with additional duties and/or

10   responsibilities including, but not limited to: the implementation and/or enforcement of

11   existing policies, practices and/or procedures of LC and LCSC  in compliance with

12   existing laws of the State of California that are in compliance with the Constitution of the

13   United States and as such is sued herein in his official capacity under Government Code

14   §820 and in his individual capacity under the provisions of Civil Code §1708.

15   13.   Defendant DAVID HERRICK was at all times mentioned herein an employee of the

16   LCSC, holding the rank/title of Judge/Commissioner with assigned duties that included,

17   but was not limited to: (1) upholding and defending the Constitutions of the United States

18   of America and the Constitution of the State of California; (2) the training, supervision

19   and/or instruction of her agents, employees and/or officers in compliance with the laws of

20   the State of California; (3) the hearing of court cases; with additional responsibilities

21   including, but not limited to: the implementation and/or enforcement of existing policies,

22   practices and/or procedures of LC and LCSC in compliance with existing laws of the

23   State of California that are in compliance with the Constitution of the United States and

24   as such is sued herein in his official capacity under Government Code §820 and in his

25   individual capacity under the provisions of Civil Code §1708.

26   14.   Defendant ARTHUR H. MANN was at all times mentioned herein an employee of the

27   LCSC, holding the rank/title of Judge/Commissioner with assigned duties that included,

28   but was not limited to: (1) upholding and defending the Constitutions of the United States

of America and the Constitution of the State of California; (2) the training, supervision and/or instruction of his agents, employees and/or officers in compliance with the laws of the State of California; (3) the hearing of court cases; with additional duties and/or responsibilities including, but not limited to: the implementation and/or enforcement of existing policies, practices and/or procedures of LC and LCSC in compliance with existing laws of the State of California that are in compliance with the Constitution of the United States and as such is sued herein in his official capacity under Government Code §820 and in his individual capacity under the provisions of Civil Code §1708.

15.     Defendant ANDREW S. BLUM was at all times mentioned herein an employee of the LCSC, holding the rank/title of Judge/Commissioner with assigned duties that included, but was not limited to: (1) upholding and defending the Constitutions of the United States of America and the Constitution of the State of California; (2) the training, supervision and/or instruction of his agents, employees and/or officers in compliance with the laws of the State of California; (3) the hearing of court cases; with additional duties and/or responsibilities including, but not limited to: the implementation and/or enforcement of existing policies, practices and/or procedures of LC and LCSC in compliance with existing laws of the State of California that are in compliance with the Constitution of the United States and as such is sued herein in his official capacity under Government Code §820 and in his individual capacity under the provisions of Civil Code §1708.

16.     Defendant THOMAS MATTOCK was at all times mentioned herein an employee of the LCSC, holding the rank/title of Judge/Commissioner with assigned duties that included, but was not limited to: (1) upholding and defending the Constitutions of the United States of America and the Constitution of the State of California; (2) the training, supervision and/or instruction of her agents, employees and/or officers in compliance with the laws of the State of California; (3) the hearing of court cases; with additional duties and/or responsibilities including, but not limited to: the implementation and/or enforcement of existing policies, practices and/or procedures of LC and LCSC in compliance with existing laws of the State of California that are in compliance with the Constitution of the

1      United States and as such is sued herein in his official capacity under Government Code

2      §820 and in his individual capacity under the provisions of Civil Code §1708.

3   17.  Defendant LAKE COUNTY DISTRICT ATTORNEY'S OFFICE [hereinafter referred to

4      as "LCDAO"] is at all times mentioned herein this complaint a "public

5      entity/corporation" within the State of California organized and existing under the laws of

6      the State of California and the County of Lake; authorized to do and doing business in the

7      County of Lake, with their principal place of business located at 255 North Forbes Street,

8      Lakeport, CA. 95453.

9   18.  Defendant SUSAN KRONES was at all times mentioned herein an employee of the

10      LCDAO, holding the rank/title of District Attorney with assigned duties that included, but

11      was not limited to: (1) upholding and defending the Constitutions of the United States of

12      America and the Constitution of the State of California; (2) the training, supervision

13      and/or instruction of her agents, employees and/or officers in compliance with the laws of

14      the State of California; (3) the assignment of cases for prosecution with additional duties

15      and/or responsibilities including, but not limited to: the implementation and/or

16      enforcement of existing policies, practices and/or procedures of LC and LCSC in

17      compliance with existing laws of the State of California that are in compliance with the

18      Constitution of the United States and as such is sued herein in her official capacity under

19      Government Code §820 and in her individual capacity under the provisions of Civil Code

20      §1708.

21   19.  Defendant NICHOLAS ROTOW was at all times mentioned herein an employee of the

22      LCDAO, holding the rank/title of District Attorney with assigned duties that included, but

23      was not limited to: (1) upholding and defending the Constitutions of the United States of

24      America and the Constitution of the State of California; (2) the training, supervision

25      and/or instruction of her agents, employees and/or officers in compliance with the laws of

26      the State of California; with additional duties and/or responsibilities including, but not

27      limited to: the implementation and/or enforcement of existing policies, practices and/or

28      procedures of LC and LCSC in compliance with existing laws of the State of California

1    that are in compliance with the Constitution of the United States and as such is sued

2    herein in his official capacity under Government Code §820 and in his individual capacity

3    under the provisions of Civil Code §1708.

4    20.   Defendant LAKE COUNTY SHERIFF'S DEPARTMENT [hereinafter referred to as

5          "LCSD"] is at all times mentioned herein this complaint a "public entity/corporation"

6          within the State of California organized and existing under the laws of the State of

7          California and the County of Lake; authorized to do and doing business in the County of

8          Lake, with their principal place of business located at 1220 Martin Street, Lakeport, CA.

9          95453.

10   21.   Defendant BRIAN MARTIN was at all times mentioned herein an employee of the

11         LCSD, holding the rank/title of Sheriff with assigned duties that included, but was not

12         limited to the training, supervision and/or instruction of his agents, employees and/or

13         officers in compliance with the laws of the State of California; with additional duties

14         and/or responsibilities including, but not limited to: the implementation and/or

15         enforcement of existing policies, practices and/or procedures of LC and the HILL ROAD

16         CORRECTIONAL FACILITY [HRCF] in compliance with existing laws of the State of

17         California and as such is sued herein in his official capacity under Government Code

18         §820 and in his individual capacity under the provisions of Civil Code §1708.

19   22.   Defendant HILL ROAD CORRECTIONAL FACILITY [hereinafter referred to as

20         "HRCF"] is at all times mentioned herein this complaint a "public entity/corporation"

21         within the State of California organized and existing under the laws of the State of

22         California and the County of Lake; authorized to do and doing business in the County of

23         Lake, with their principal place of business located at 4913 Helbush Drive, Lakeport, CA.

24         95453.

25   23.   Defendant NORM TAYLOR was at all times mentioned herein an employee of the

26         LCSD, holding the rank/title of Captain with assigned duties within the HRCF that

27         included, but was not limited to the training, supervision and/or instruction of his agents,

28         employees and/or officers in compliance with the laws of the State of California; with

1   additional duties and/or responsibilities including, but not limited to: the implementation

2   and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and

3   HRCF in compliance with existing laws of the State of California and as such is sued

4   herein in his official capacity under Government Code §820 and in his individual capacity

5   under the provisions of Civil Code §1708.

6   24.   Defendant JASON FINDLEY was at all times mentioned herein an employee of the

7   LCSD, holding the rank/title of Lieutenant with assigned duties within the HRCF that

8   included, but was not limited to the training, supervision and/or instruction of his agents,

9   employees and/or officers in compliance with the laws of the State of California; with

10   additional duties and/or responsibilities including, but not limited to: the implementation

11   and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and

12   the HRCF in compliance with existing laws of the State of California and as such is sued

13   herein in his official capacity under Government Code §820 and in his individual capacity

14   under the provisions of Civil Code §1708.

15   25.   Defendant VINCENT MONREAL was at all times mentioned herein an employee of the

16   LCSD, holding the rank/title of Sergeant with assigned duties within the HRCF that

17   included, but was not limited to the training, supervision and/or instruction of his agents,

18   employees and/or officers in compliance with the laws of the State of California; with

19   additional duties and/or responsibilities including, but not limited to: the implementation

20   and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and

21   the HRCF in compliance with existing laws of the State of California and as such is sued

22   herein in his official capacity under Government Code §820 and in his individual capacity

23   under the provisions of Civil Code §1708.

24   26.   Defendant ERIC BUSSARD was at all times mentioned herein an employee of the

25   LCSD, holding the rank/title of Sergeant with assigned duties within the HRCF that

26   included, but was not limited to the training, supervision and/or instruction of his agents,

27   employees and/or officers in compliance with the laws of the State of California; with

28   additional duties and/or responsibilities including, but not limited to: the implementation

1    and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and

2    the HRCF in compliance with existing laws of the State of California and as such is sued

3    herein in his official capacity under Government Code §820 and in his individual capacity

4    under the provisions of Civil Code §1708.

5    27.   Defendant FRANKLIN GUDMUNSON was at all times mentioned herein an employee

6    of the LCSD, holding the rank/title of Sergeant with assigned duties within the HRCF

7    that included, but was not limited to the training, supervision and/or instruction of his

8    agents, employees and/or officers in compliance with the laws of the State of California;

9    with additional duties and/or responsibilities including, but not limited to: the

10    implementation and/or enforcement of existing policies, practices and/or procedures of

11    LC, the LCSD and the HRCF in compliance with existing laws of the State of California

12    and as such is sued herein in his official capacity under Government Code §820 and in his

13    individual capacity under the provisions of Civil Code §1708.

14    28.   Defendant MICHAEL HARTMAN was at all times mentioned herein an employee of the

15    LCSD, holding the rank/title of Sergeant with assigned duties within the HRCF that

16    included, but was not limited to the training, supervision and/or instruction of his agents,

17    employees and/or officers in compliance with the laws of the State of California; with

18    additional duties and/or responsibilities including, but not limited to: the implementation

19    and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and

20    the HRCF in compliance with existing laws of the State of California and as such is sued

21    herein in his official capacity under Government Code §820 and in his individual capacity

22    under the provisions of Civil Code §1708.

23    29.   Defendant LOUIS DE LOS SANTOS was at all times mentioned herein an employee of

24    the LCSD, holding the rank/title of Sergeant with assigned duties within the HRCF that

25    included, but was not limited to the training, supervision and/or instruction of his agents,

26    employees and/or officers in compliance with the laws of the State of California; with

27    additional duties and/or responsibilities including, but not limited to: the implementation

28    and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and

the HRCF in compliance with existing laws of the State of California and as such is sued herein in his official capacity under Government Code §820 and in his individual capacity under the provisions of Civil Code §1708.

30.   Defendant LINDSEY DUTCHER was at all times mentioned herein an employee of the LCSD, holding the rank/title of Sergeant with assigned duties within the HRCF that included, but was not limited to the training, supervision and/or instruction of his agents, employees and/or officers in compliance with the laws of the State of California; with additional duties and/or responsibilities including, but not limited to: the implementation and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and the HRCF in compliance with existing laws of the State of California and as such is sued herein in her official capacity under Government Code §820 and in her individual capacity under the provisions of Civil Code §1708.

31.   Defendant HANK COMSTOCK was at all times mentioned herein an employee of the LCSD, holding the rank/title of Sergeant with assigned duties within the HRCF that included, but was not limited to the training, supervision and/or instruction of his agents, employees and/or officers in compliance with the laws of the State of California; with additional duties and/or responsibilities including, but not limited to: the implementation and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and the HRCF in compliance with existing laws of the State of California and as such is sued herein in his official capacity under Government Code §820 and in his individual capacity under the provisions of Civil Code §1708.

32.   Defendant TONY JACKSON was at all times mentioned herein an employee of the LCSD, holding the rank/title of Officer with assigned duties within the HRCF that included, but was not limited to the implementation and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and the HRCF in compliance with existing laws of the State of California and as such is sued herein in his official capacity under Government Code §820 and in his individual capacity under the provisions of Civil Code §1708.

33.     Defendant DAVID PIKE was at all times mentioned herein an employee of the LCSD, holding the rank/title of Officer with assigned duties within the HRCF that included, but was not limited to the implementation and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and the HRCF in compliance with existing laws of the State of California and as such is sued herein in his official capacity under Government Code §820 and in his individual capacity under the provisions of Civil Code §1708.

34.     Defendant ROBIN SMITH was at all times mentioned herein an employee of the LCSD, holding the rank/title of Officer with assigned duties within the HRCF that included, but was not limited to the implementation and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and the HRCF in compliance with existing laws of the State of California and as such is sued herein in her official capacity under Government Code §820 and in her individual capacity under the provisions of Civil Code §1708.

35.     Defendant TRAVIS BROOKS was at all times mentioned herein an employee of the LCSD, holding the rank/title of Officer with assigned duties within the HRCF that included, but was not limited to the implementation and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and the HRCF in compliance with existing laws of the State of California and as such is sued herein in his official capacity under Government Code §820 and in his individual capacity under the provisions of Civil Code §1708.

36.     Defendant PETER JORDAN was at all times mentioned herein an employee of the LCSD, holding the rank/title of Officer with assigned duties within the HRCF that includes, but was not limited to the implementation and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and the HRCF in compliance with existing laws of the State of California and as such is sued herein in his official capacity under Government Code §820 and in his individual capacity under the provisions of Civil Code §1708.

37.   Defendant MARION KNOX was at all times mentioned herein an employee of the LCSD, holding the rank/title of Officer with assigned duties within the HRCF that included, but was not limited to the implementation and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and the HRCF in compliance with existing laws of the State of California and as such is sued herein in her official capacity under Government Code §820 and in her individual capacity under the provisions of Civil Code §1708.

38.   Defendant MELISSA WALLAHAN was at all times mentioned herein an employee of the LCSD, holding the rank/title of Officer with assigned duties within the HRCF that included, but was not limited to the implementation and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and the HRCF in compliance with existing laws of the State of California and as such is sued herein in her official capacity under Government Code §820 and in her individual capacity under the provisions of Civil Code §1708.

39.   Defendant SUSAN WEST was at all times mentioned herein an employee of the LCSD, holding the rank/title of Officer with assigned duties within the HRCF that includes, but was not limited to the implementation and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and the HRCF in compliance with existing laws of the State of California and as such is sued herein in her official capacity under Government Code §820 and in her individual capacity under the provisions of Civil Code §1708.

40.   Defendant AMANDA MOORE was at all times mentioned herein an employee of the LCSD, holding the rank/title of Officer with assigned duties within the HRCF that included, but was not limited to the implementation and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and the HRCF in compliance with existing laws of the State of California and as such is sued herein in her official capacity under Government Code §820 and in her individual capacity under the provisions of Civil Code §1708.

41. Defendant WILLIAM TINKLER was at all times mentioned herein an employee of the LCSD, holding the rank/title of Officer with assigned duties within the HRCF that included, but was not limited to the implementation and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and the HRCF in compliance with existing laws of the State of California and as such is sued herein in his official capacity under Government Code §820 and in his individual capacity under the provisions of Civil Code §1708.

42. Defendant TABITHA CHANT was at all times mentioned herein an employee of the LCSD, holding the rank/title of Officer with assigned duties within the HRCF that included, but was not limited to the implementation and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and the HRCF in compliance with existing laws of the State of California and as such is sued herein in her official capacity under Government Code §820 and in her individual capacity under the provisions of Civil Code §1708.

43. Defendant JEREMY WICHLAZ was at all times mentioned herein an employee of the LCSD, holding the rank/title of Officer with assigned duties within the HRCF that included, but was not limited to the implementation and/or enforcement of existing policies, practices and/or procedures of LC, the LCSD and the HRCF in compliance with existing laws of the State of California and as such is sued herein in his official capacity under Government Code §820 and in his individual capacity under the provisions of Civil Code §1708.

44. Defendant CLEARLAKE POLICE DEPARTMENT [hereinafter referred to as "CLPD"] is at all times mentioned herein this complaint a "public entity/corporation" within the State of California organized and existing under the laws of the State of California and the County of Lake; authorized to do and doing business in the County of Lake, with their principal place of business located at 14050 Olympic Drive, Clearlake, CA. 95422.

45. Defendant Officer BATZ was at all times mentioned herein an employee of the CLPD, holding the rank/title of Officer with assigned duties that included, but was not limited to

1    the implementation and/or enforcement of existing policies, practices and/or procedures

2    of LC and the CLPD in compliance with existing laws of the State of California and as

3    such is sued herein in her official capacity under Government Code §820 and in her

4    individual capacity under the provisions of Civil Code §1708.

5    46.    Defendant DEPARTMENT OF MOTOR VEHICLES [DMV] is at all times mentioned

6    herein a "corporation/ public entity" organized and established under the laws of the State

7    of California with its principle place of business in Sacramento, California located at:

8    Office of the Director, Department of Motor Vehicles, 2415 1st Avenue, Mail Station

9    F101, Sacramento, California 95818.

10    47.    Defendant JEAN SHIMOTO, was at all times mentioned herein an employee of DMV

11    holding the title of Director; with assigned duties and responsibilities within the DMV for

12    its operations and management that includes but is not limited to: 1) the creation,

13    modification and/or enforcement of policies, practices and/or procedures that comply

14    with existing laws of the State of California; 2) the training, supervision and/or

15    instruction of its agents, officers and/or employees so as to comply with existing laws of

16    the State of California; 3) obeying and enforcing the laws of the State of California ; 4)

17    enforcing and/or upholding the Constitution of the State of California and that of the

18    United States; 5) the training, supervision and/or instruction of its agents, employees

19    and/or officers as to maintaining accurate records; and 6) the training, supervision and/or

20    instruction of its agents, employees and/or officers as to the disbursement of information

21    to law enforcement agencies. He is sued herein in both his official capacity under GC

22    §820 and in his individual capacity under Civ §1708.

23    48.    Defendant ALL AMERICAN TOWING COMPANY [hereinafter referred to as "AATC"]

24    is at all times mentioned herein is a "public entity/corporation" within the State of

25    California organized and existing under the laws of the State of California and the County

26    of Lake; authorized to do and doing business in the County of Lake, with their principal

27    place of business located at 3400 Garfield Avenue, Clearlake, CA. 95422.

28    49.    Defendant THOMAS ASMAN was at all times mentioned herein an employee of the

1         AATC, holding the rank/title of Owner with assigned duties that included, but was not

2         limited to the implementation and/or enforcement of existing policies, practices and/or

3         procedures of LC and the CLPD in compliance with existing laws of the State of

4         California and as such is sued herein in his official capacity under Government Code

5         §820 and in his individual capacity under the provisions of Civil Code §1708.

6  50.    Defendant WELLPATH was at all times mentioned herein this complaint a "public

7         entity/corporation" within the State of California organized and existing under the laws of

8         the State of California and the County of Lake; authorized to do and doing business in the

9         County of Lake, with their principal place of business located at 2511 Garden Road, Suite

10         #A160, Monterey, California 93940.

11  51.    Defendant KIM DETTEER was at all times mentioned herein an employee of

12         WELLPATH with the assigned title of Medical Manager, with assigned duties and

13         responsibilities within the HRCF that included, but was not limited to: 1) the supervision,

14         training and/or instruction of its agents, officers and/or employees; 2)  the implementation

15         and/or enforcement of existing policies, practices and/or procedures of LC, WELLPATH,

16         the LCSD, and the HRCF in compliance with existing laws of the State of California. She

17         is sued herein in her official capacity under Government Code §820 and in her individual

18         capacity under the provisions of Civil Code §1708.

19  52.    Defendant PHIL WILCOX was at all times mentioned herein an employee of

20         WELLPATH assigned the title of Medical Services Provider with assigned active duties

21         and responsibilities within the HRCF that included, but was not limited to: 1) providing

22         health care services; and 2) the implementation and/or enforcement of existing policies,

23         practices and/or procedures of LC, WELLPATH, the LCSD, and the HRCF in

24         compliance with existing laws of the State of California and as such is sued herein in his

25         official capacity under Government Code §820 and in his individual capacity under the

26         provisions of Civil Code §1708.

27  53.    At all times mentioned in this complaint, unless otherwise alleged, Defendants and each

28         of them were at all times material herein, the agent, servant, employee, partner, joint

venturer, co-conspirator, lessor, lessee and/or owner of each of the acts and omissions and in making the representations hereinafter alleged, were acting within the course and scope of their authority and employment as such agents, servants and employees, with the permission, knowledge, consent and ratification of their co-defendants, and each of them.

54.   Plaintiff is informed and believe and thereon allege that at all times mentioned herein, defendants and each of them, were personally aware that the practices described herein were invidious and prohibited by policies and regulations of the State of California, and in violation of federal laws enacted to protect natural persons from such abuses and invidious applications of authority.

55.   Plaintiff is informed and believe and thereon allege that defendants and each of them were personally aware of plaintiff's medical condition for the treatment of 'chronic low back pain', and as such defendants and each of them were personally aware of the possibility of personal injury and the possibility that plaintiff would suffer from additional pain as a result of the alleged invidious practices engaged in by defendants.

56.   Plaintiff has exhausted his administrative remedies this Court is plaintiff's only means for redress.

### V.  FACTS APPLICABLE TO ALL CAUSES OF ACTION

["CT" = 'Clerk's Transcripts for Lake County Superior Court Case #952265]

["RT" = 'Reporter's Transcripts for Lake County Superior Court Case #952265]

57.   On or about September 1997, plaintiff became a medicinal user of marijuana under the provisions of HS§11362.5 et seq. And later under the provision of HS§11362.7 et seq. as plaintiff was found to suffer from "chronic low back pain" resulting from a condition believed to be "degenerative disc disease". Plaintiff was provided with a "lifetime" recommendation for the treatment of medical marijuana in or about May 2001, based upon plaintiff's illness and religious beliefs prohibiting the use of pharmaceuticals and narcotics.

58.   In or about August 1999, plaintiff became a member of the "Church of the Greater Faith and Redemption", religious organization that uses cannabis [marijuana] as sacrament and

1          prohibits the use of pharmaceuticals and narcotics upon belief and conviction that the

2          body is the Living Temple of God.

3   59.    On or about February 8, 2001 plaintiff voluntarily surrendered his driver's license

4          #A3513101. Plaintiff received confirmation of this action on March 8, 2001 [Ct. 015] and

5          again on April 16, 2001 [Ct 016] [RT 90, Ln 13-17].

6   60.    On January 21, 2005 plaintiff became the "disenfranchised", "expatriated" American

7          under the provisions of Title 8 U.S.C. section 1481(a) when he recorded on public record

8          his: "***Oath***" of allegiance [CT 011] ; 2) a "***Declaration of Citizenship***" [CT 012-013] and

9          3) his "***Revocation of Power of Attorney***" [CT 014] [RT 89-90, Ln 1-2].

10  61.    On or about October 28, 2005 appellant was acquitted of a violation of Vehicle Code

11         [VC] section 12500(a), "Driving without a License" in Lake County Superior Court Case

12         [LCSC] case #905679. The case was dismissed on motion of the District Attorney in the

13         interest of justice. [CT 11, Ln 20-21; RT 91-92, Ln 1-21]

14  62.    During the period of May 2001 up until October 2005, plaintiff was prosecuted within the

15         Lake County Superior Court "solely" for  violations of California Vehicle Code [VC]

16         §2500(a); "driving without a license". See Harris v. Bus., Trans. & Housing Agcy, et al.;

17         Northern District Court case C-07-0459 PJH, appeal was untimely.  Plaintiff's

18         prosecutions thereafter were for "driving under a suspended license" a violation of VC

19         14601.

20  63.    On or about October 19, 2007 plaintiff purchased title/ownership of property described as

21         a: Fuel Type: Gas, Make: Volvo, Year: 1988, Model: 740 Turbo Intercooler, Color: Blue,

22         Vehicle Identification Number [VIN] YV1FA8740J2274202 from "Fischer Towing" for

23         $600.

24  64.    In or about January 15, 2009, plaintiff was arrested, charged and convicted upon charges

25         of a violation of VC 14601.1(a) "driving under a suspended license" in Lake County

26         Superior Court case #CR917755; upon information provided by the DMV. Plaintiff's

27         conviction was affirmed on appeal. Plaintiff was imprisoned within the Lake County Jail

28         from January 15, 2009 through to November 2009.

65.   On January 17, 2014 plaintiff was arrested by Sgt. Hobbs of the CPD for violations of VC sections, 1) §14601.2(a) "driving with knowledge of a suspended license occurring from a DUI", 2) §14601.5(a), "driving with knowledge of a revoked or suspended license", 3) §14601.1(a) "driving with knowledge of a suspended license resulting from other", 4) §16028(a), "driving without evidence of financial responsibility; and 5) §4000(a), "driving a motor vehicle without registration". These allegations were prosecuted as Lake County Superior Court case #CR934870. Plaintiff's property described as: Fuel Type: Gas, Make: Volvo, Year: 1988, Model: 740 Turbo Intercooler, Color: Blue, VIN# YV1FA8740J2274202; was impounded and later sold by ALL AMERICAN TOWING COMPANY.

66.   On or about March 13, 2018, plaintiff took possession of personal property described as: Fuel Type: Gas, Make: **GMC**, Year: **1994,** Model: **Yukon**, Class: AQ, VIN: **1GKEK18K2RJ742889**, previously bearing the License Plate #**6KYB809**; Listed on the UCC-1 Amendment Filing #18-76451015 of HARRIS ENTERPRISES, LLC on 4/24/2018;

67.   On April 18, 2019 plaintiff was stopped by Officer Batz of the Clearlake Police Department for "no license plate". Plaintiff presented the officer with his International Driver's Permit [RT 59-63][Copy missing from CT]

68.   The reply from DMV came back "***negative***" [RT 56, LN 12-20][Exhibits missing from CT]

69.   The officer then ran another check under the name of 'James Harris' which came back "***positive***". [RT 57, Ln 7-28; 58, Ln 1-17]

70.   The officer issued a citation #8928 alleging that plaintiff was in violation of VC14601(a), with a "Notice to Appear" date of June 5, 2018.

71.   On June 5, 2018 no charges had been filed; no hearing occurred.

72.   On November 18, 2018 a complaint was filed against plaintiff alleging a violation of VC 14601.2(a) and (2)(2), with a Notice to Appear sent to 14760 El Camino Real, Unit #B, Clearlake California 95422 [CT 001-003]. The documents were sent back "Return to

1      Sender".

2   73.    On December 11, 2018 a warrant was issued for plaintiff's arrest upon failure to appear

3         [CT 004].

4   74.    On February 5, 2019 an arraignment was scheduled and the warrant was recalled. [CT

5         005]

6   75.    On February 5, 2019 plaintiff was provided with a copy of the complaint [CT 0055].

7   76.    On February 5, 2019 plaintiff filed the "***Demurrer to Complaint***" under the provisions of

8         Penal Code [PC] sections 1002, 1003 and 1004 [CT 035-036].

9   77.    On that same day plaintiff also filed: 1) "***Request for Judicial Notice***" [CT 009-034]

10        under the provisions of the Evidence Code sections 450, 451(a), 452, 453 and 456; 2)

11        "***Notice of Special Appearance***" [CT 034]; 3) ***"Memorandum of Law in Support of***

12        ***Notice of Special Appearance***" [CT 037-038]; 4) the "***Memorandum of Law in Support***

13        ***of Demurrer & Motion to Return Property***" [CT 040-041]

14   78.    On February 5, 2019 a hearing for the Demurrer was scheduled for February 20, 2019.

15         [CT 055].

16   79.    On February 14, 2019 the People filed an ***Opposition to the Demurrer*** [CT 056-061].

17         The opposition was ***NOT*** served on plaintiff. [CT 062].

18   80.    On February 20, 2019 appellant was provided with a copy of the People's ***Opposition to***

19        ***Demurrer***. Plaintiff requested a continuance to review and reply to the **Opposition**. [CT

20        063].

21   81.    On February 21, 2019 plaintiff filed a ***Peremptory*** challenge attempting to remove Judge

22        Markham. [CT 064-067]

23   82.    On February 24, 2019 an ***Answer to Disqualify*** was filed. [CT 068-069]

24   83.    On March 4, 2019 plaintiff filed the ***Reply to Opposition to Demurrer***. [CT 071-072]

25   84.    On March 13, 2019 the Demurrer is overruled; the Motion to Return Property is denied.

26        dates are set for Trial. The court enters a "***Not Guilty***" Plea for appellant. [CT 077]

27   85.    On March 14, 2019 plaintiff files the "***Motion to Disqualify Judge***" under the provisions

28        of Code of Civil Procedure section 170.1(a)(2) [CT 078-082].

86.   Also on March 14, 2019 plaintiff files the "***Motion to Dismiss***" [CT 083-094] and another "***Motion to Return Property***". [CT 095-097]

87.   On March 22, 2019 the matter is confirmed for trial on March 27, 2019. [CT 101]

88.   On March 26, 2019 with no opposition entered by the People, the "***Motion to Return Property***" was dismissed by Judge Arthur H. Mann. [CT 103]

89.   On March 27, 2019 trial commenced before Judge Blum. [RT 105-107]. Appellant requested that Judge Blum recuse himself based upon a conflict of interest [RT 16-20, Ln 1-4] and was denied.

90.   On March 27, 2019 the court found plaintiff guilty and entered a verbal ruling. [RT 124-131].

91.   On March 28, 2019 plaintiff was sentenced, and remanded into the custody of the Lake County Sheriff's Department. [CT 175; RT 124-131]. On April 10, 2019 appellant filed the '***Notice of Appeal***'. [CT 177-178]

92.   The appeal was denied and the conviction was affirmed.

93.   Plaintiff submitted the Commercial Affidavit, Affidavit of Notice, Declaration and Demand. Fair Notice and Warning of Commercial Grace, Notice of Non-Judicial Proceeding; This is a U.S. S.E.C. Tracer Flag, Not a Point of Law; to defendants on December 16, 2019 via Certified Mail# 70170660000077065976 [County of Lake, Risk Management] and Certified Mail# 70170660000077066058 [Lake County Superior Court]. Attached as Exhibit A, 16 pgs.

94.   Notice was received by the County of Lake and the Lake County Superior Court on December 17, 2019.

95.   On or about February 2, 2020, plaintiff received a letter from the '***Commission on Judicial Performance***' dated January 28, 2020; stating a denial of the Commercial Affidavit received on December 17, 2019.

96.   On or about June 20, 2020 plaintiff received a letter 'Notice of Rejection of Claim' from the County of Lake dated June 16, 2020 referencing Claim #2005671.

97.   Plaintiff files this action seeking judgment from the acts and practices of defendants upon

1   documentary entitlement to judgment as a matter of law in recognition of the provisions

2   of COM §1205(b) .

3                                   **FIRST CAUSE OF ACTION**

4   98.   Plaintiff realleges and incorporates by reference paragraphs 1 through 97, inclusive of this

5         complaint.

6   99.   THAT I, Smiley James Harris, the Third Party Plaintiff, Secured Party Creditor, a Natural

7         man, created by God am NOT the same as the Fictitious Entity, all capital letter named,

8         JAMES LA VELL HARRIS [JAMES LA VELLE HARRIS, JAMES LAVELLE

9         HARRIS] that was created by the State of California. I did not give any consent, in any

10        capacity, to the court to place upon me any responsibility for this all capital letter name

11        Fictitious Entity that was created by the state. Simply put I am not the same and I believe

12        that there is no evidence to the contrary. I have no contract with you and do not consent to

13        any contract with you. If you presume that I have a contract with you I rebut any

14        presumption of any contract that you may presume that I have with you. This is evidenced

15        by documents that are on file with the California Secretary of State, the public records of

16        Pima County, records of this Court, US Department of Treasury, Internal Revenue

17        Service, U.S. Department of Commerce, U.S. Department of Justice, and others. If the

18        Third Party Defendants have any lawfully documented evidence to the contrary let them

19        come forth now On and For the official Record and let the District Attorney certify their

20        evidence, under their unlimited commercial liability, while under oath, and under

21        penalties of the law including Perjury. The continuance of the action Lake County

22        Superior Court case #952265, its prosecution, the subsequent resulting conviction in that

23        action without proof of claims and the loss of personal property was an Abuse of Process,

24        Dishonor in Commerce, Abuse of Power, Extortion, Treason, Coercion, Obstruction of

25        Justice, Denial of Due Process, Involuntary Servitude. I believe there is no evidence to

26        the contrary.

27   ////

28   ////

1                               **SECOND CAUSE OF ACTION**

2   100.   Plaintiff realleges and incorporates by reference paragraphs 1 through 97, inclusive of this

3          complaint.

4   101.   THAT on April 18, 2018 Deputy Batz from the CLEAR LAKE POLICE DEPARTMENT

5          caused the seizure of Plaintiff's property via issuance of Notice to Appear #8928 without

6          any evidence of a contractual obligation between the parties. Plaintiff's property was

7          seized and given into the possession of All American Towing without Plaintiff's

8          permission or authority; causing Plaintiff the loss of property and financial injury. This is

9          Theft of Private Property, Abuse of Authority, Conspiracy to Defraud, Racketeering,

10         Obstruction of Justice, Dishonor in Commerce, Involuntary Servitude, Coercion,

11         Extortion, Denial of Due Process, and I believe that there is no evidence to the contrary.

12                              **THIRD CAUSE OF ACTION**

13  102.   Plaintiff realleges and incorporates by reference paragraphs 1 through 97, inclusive of this

14         complaint.

15  103.   THAT on March 28, 2019 I Smiley James Harris was arrested by the Lake County Sheriff's

16         Department and imprisoned within the Hillroad Correctional Facility from March 28, 2019 until

17         released on September 9, 2019; upon the ORDER of the Judge after the conviction in Lake

18         County Superior Court, case #952265 without any showing of proof being made by the District

19         Attorney's Office as to the requirements of "subject-matter" and "in personum" jurisdiction

20         appearing on the court record [judgment roll] as required by law. There was no evidence of

21         probable cause to arrest, convict, or confine. No evidence was introduced that a crime was

22         committed. This is a violation of my civil rights, Lack of Due Process, Abuse of Power, Treason,

23         Conspiracy, Fraud, Racketeering, False Imprisonment, Trespass, Involuntary Servitude and I

24         believe there is no evidence to the contrary.

25                             **FOURTH CAUSE OF ACTION**

26  104.   Plaintiff realleges and incorporates by reference paragraphs 1 through 97, inclusive of this

27         complaint.

28  105.   THAT I, Smiley James Harris, was forced on March 28, 2019 to give my fingerprints and

1    photographs to the LCSD, against my will. I notified the officers on duty that I did not

2    want to give my fingerprints or photographs, as they were my personal property. This is

3    Theft of Private Property, Abuse of Authority, Conspiracy to Defraud, Racketeering,

4    Obstruction of Justice, Dishonor in Commerce, Coercion, Extortion, Denial of Due

5    Process, and I believe that there is no evidence to the contrary.

6                              **FIFTH CAUSE OF ACTION**

7    106.   Plaintiff realleges and incorporates by reference paragraphs 1 through 97, inclusive of this

8           complaint.

9    107.   THAT during my imprisonment within the HRCF from March 28, 2019 through to

10          September 9, 2019 I, Smiley James Harris was subjected to the deliberate indifference,

11          wilful and intentional disregard of my medical and spiritual needs by both medical and

12          custodial staff causing me extreme emotional and physical distress amounting to sever

13          psychological and physical pain amounting to financial damages/injury. This is Cruel and

14          Unusual Punishment, Abuse of Authority, Conspiracy to Defraud, Racketeering,

15          Obstruction of Justice, Dishonor in Commerce, Coercion, Extortion, Denial of Due

16          Process, Discrimination and I believe that there is no evidence to the contrary.

17                             **SIXTH CAUSE OF ACTION**

18   108.   Plaintiff realleges and incorporates by reference paragraphs 1 through 97, inclusive of this

19          complaint.

20   109.   THAT since 2006, in light of the published ruling in People v. Harris 145 Cal. App. 4th

21          1456, 52 Cal. Rptr. 3d 577 (2006); it was known to the COUNTY OF LAKE of the

22          necessity to create and/or modify existing policies, practices and/or procedures so as to

23          accommodate the medicinal user of marijuana within the HRCF. This failure to do so

24          constitutes a Breach of Fundamental Duty, Cruel and Unusual Punishment, Abuse of

25          Authority, Conspiracy to Defraud,  Racketeering, Obstruction of Justice, Dishonor in

26          Commerce, Coercion, Denial of Due Process, Discrimination and I believe that there is

27          no evidence to the contrary.

28   ////

1                              **SEVENTH CAUSE OF ACTION**

2   110.   Plaintiff realleges and incorporates by reference paragraphs 1 through 97, inclusive of this

3          complaint.

4   111.   THAT in light of the published ruling in <u>People</u> v. <u>Harris</u> 145 Cal. App. 4th 1456, 52 Cal.

5          Rptr. 3d 577 (2006); it was known to the COUNTY OF LAKE of Plaintiff's

6          medicinal and spiritual uses of marijuana. While confined within the Hillroad

7          Correctional Facility from March 28, 2018 through to September 9, 2019, Plaintiff was

8          knowingly denied access to and the use of medical marijuana for his own personal

9          medicinal uses [***pain treatment***] and was also knowingly denied the use of marijuana for

10         his own spiritual purposes. This was Cruel and Unusual Punishment, an Abuse of

11         Authority, a Conspiracy to Defraud, Harassment, Racketeering, an Obstruction of Justice,

12         a Dishonor in Commerce, Coercion, a Denial of Due Process, Discrimination, and the

13         Denial of the Exercise of Religious Freedoms and I believe that there is no evidence to

14         the contrary.

15                             **EIGHTH CAUSE OF ACTION**

16  112.   Plaintiff realleges and incorporates by reference paragraphs 1 through 97, inclusive of this

17         complaint.

18  113.   THAT while confined within the Hillroad Correctional Facility from March 28, 2019

19         through to September 9, 2019; as a result of the deliberate indifference of both medical

20         [WELLPATH] and custodial staff [LCSD], Plaintiff was subjected to disciplinary actions

21         by custodial staff [LCSD] in response to the refusal of medical staff [WELLPATH] to

22         acknowledge plaintiff's known medical condition and provide reasonable

23         accommodations. This was Cruel and Unusual Punishment, an Abuse of Authority, a

24         Conspiracy to Defraud, Harassment, Racketeering, an Obstruction of Justice, a Dishonor

25         in Commerce, Coercion, a Denial of Due Process, Discrimination and I believe that there

26         is no evidence to the contrary.

27                             **NINTH CAUSE OF ACTION**

28  114.   Plaintiff realleges and incorporates by reference paragraphs 1 through 97, inclusive of this

1   complaint.

2   115.   THAT the prosecuting attorney NICHOLAS D. ROTOW, with the full support,

3        acknowledgment and consent of District Attorney SUSAN KRONES in conspiracy with

4        Judges J. DAVID MARKHAM, and ANDREW S. BLUM; did with knowledge and

5        malice aforethought begin, continued and completed the prosecution of Lake County

6        Superior Court case #952265 even after being presented with undisputed evidence that

7        the case was procedurally barred as a result of Lake County Superior Court case #905679.

8        Prosecutor NICHOLAS D. ROTOW was informed of the facts in that case and

9        intentionally elected to continue to do harm to Smiley James Harris. This is a travesty of

10       justice and prosecutor NICHOLAS D. ROTOW should be sanctioned by the court for his

11       malicious and wilful intent to prosecute. Criminal Charges may be explored on his behalf.

12       Smiley James Harris has been and is an upstanding and productive member of society.

13       Smiley James Harris was treated with utter disrespect and contempt by attorney

14       NICHOLAS D. ROTOW. This is an Abuse of Power, an Abuse of Process, a Denial of

15       Due Process, an Obstruction of Justice, a Dishonor in Commerce, a Conspiracy to

16       Defraud, an act of Extortion, Coercion, Treason. I believe there is no evidence to the

17       contrary.

18                              **TENTH CAUSE OF ACTION**

19   116.   Plaintiff realleges and incorporates by reference paragraphs 1 through 97, inclusive of this

20        complaint.

21   117.   THAT the conspiracy against Plaintiff was continued by Lake County Superior Court -

22        Appellate Judges ARTHUR H. MANN, DAVID HERRICK and THOMAS MATTOCK

23        when they on Appeal of the case, judged in Affirmation of sustaining the conviction in

24        case #952265 in the absence of proof of ***subject-matter*** and ***in personsum jurisdiction***

25        appearing on the court record [judgment roll] as required by existing law.  This was a

26        Travesty of Justice an Abuse of Power, an Abuse of Process, a Denial of Due Process, an

27        Obstruction of Justice, a Dishonor in Commerce, Racketeering, a Conspiracy to Defraud,

28        an act of Extortion, Coercion, Treason. I believe there is no evidence to the contrary.

**ELEVENTH CAUSE OF ACTION**

118.  Plaintiff realleges and incorporates by reference paragraphs 1 through 97, inclusive of this complaint.

119.  THAT the failure of Defendant SHIMOTO to properly train, instruct and/or to supervise her agents, employees and/or officers to maintain accurate records as per Civil Code §1798 et seq. because of an existing policy, practice and/or procedure of the DMV contributed to the conspiracy against plaintiff resulting in plaintiff's prosecutions in Lake County Superior Court cases #C917755, #C934869, #C934870 and #C952265 in violation of securities as held in Civil Code §1798.45(b) and Civ §1798.45(c). This was a Travesty of Justice an Abuse of Power, an Abuse of Process, a Denial of Due Process, an Obstruction of Justice, a Dishonor in Commerce, Racketeering, a Conspiracy to Defraud, an act of Extortion, Coercion, and Treason. I believe there is no evidence to the contrary.

## VI. PRAYER FOR RELIEF

120.  As a direct and proximate result of the acts and conduct of defendants and each of them, plaintiff has suffered and continues to suffer fear, mental anguish, pain and humiliation.

121.  Defendants violation of plaintiff's rights as guaranteed by Civil Code §51 entitles plaintiff to receive compensatory damages, and attorney's fees all of which are provided for in Civil Code §52 and are prayed for below.

122.  In doing the acts alleged in this complaint, defendants and each of them, knew or should have known that their actions were likely to injure plaintiff. Plaintiff is informed and believes and thereon alleges that defendants intended to cause injury to plaintiff and acted with a wilful and conscious, malicious disregard to plaintiff's rights as secured by Civil Code §§51, 51.7, 52 and 52.1(b), thereby entitling plaintiff to recover treble damages, or a minimum of $4000 for each offense pursuant to Civil Code §52(a).

123.  Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past violence or threats of violence, will not afford adequate relief for the fear, humiliation and risk of injury that a continuation of defendants conduct, in denial of plaintiff's rights will cause.

1   **WHEREFORE,** Plaintiff prays for judgment as follows:

2   1.   That the court declare the rights of all parties pursuant Title 28 U.S.C. §2201;

3   2.   That the court award Plaintiff remedy under the provisions of COM §§1201(b)(32),

4        §1305(a), §1305(b), §1306 and present value pursuant to COM §1201(b)(28).

5   3.   That this court award to Plaintiff the full value of INVOICE #20191215A and the interest

6        attached thereto [upon calculation of the court for accuracy];

7   4.   That this court award to Plaintiff Pecuniary Losses associated with Plaintiff's emotional

8        distress and damages under the provisions of Title 18 §1963(a) and §1964(c);

9   5.   That the court award Nominal damages against defendants and each of them pursuant to

10       Civil Code §3360;

11  6.   That the court award Plaintiff Compensatory damages against defendants and each of

12       them under the provisions of Civil Code §52(a) for each act of discrimination against

13       plaintiff;

14  7.   That this court grant to Plaintiff, where applicable; the available relief under the

15       provisions of California Code of Civil Procedure, §473(d) and F.R.C.P. Rule 60(b)(4).

16  8.   That the court award Plaintiff General damages against defendants and each of them

17       under the provisions of Civil Code §422.85 and §3281 et seq.;

18  9.   That the court award Plaintiff Special damages against defendants and each of them

19       amounting to treble damages under the provisions of Civil Code §52(a);

20  10.  That the court award Plaintiff Punitive and/or Exemplary damages for Plaintiff's

21       emotional distress against defendants and each of them in accordance with the provisions

22       of Civil Code §3294 et seq., Penal Code §132 and §182(a)(6);

23  11.  That interest and/or prejudgment interest on all damages sought and/or incurred herein at

24       the lawful rate be awarded to Plaintiff under the provisions of Civil Code §3288;

25  12.  That reasonable attorney's fees and costs be awarded to Plaintiff, pursuant to Title 42

26       U.S.C. §§1988, §2000a-3 and under the provisions of Civil Code §52(a) and 52.1(h);

27  13.  That this court award to Plaintiff any further and other relief this court deems just and

28       proper under the provisions of F.R.C.P. Rule 60(b)(6);

1    14.    That this court have a trial by jury on all triable issues.

2

3                                                    By: _____

4                                                            Smiley James Harris
                                                             Authorized Representative

5                                        VERIFICATION

6            I, Smiley James Harris, do declare as follows:

7            That I am the Authorized Representative for the Plaintiff in the above-entitled action and

8    that I have read the foregoing COMPLAINT FOR DAMAGES & RELIEF and know its contents.

9            I declare therefore, that the matters stated in the foregoing document are true of my own

10   knowledge, except as to the matters which are stated on my information and belief, and as to

11   those matters I believe them to be true.

12           I declare under the penalty of perjury in accordance with the laws of the United States that

13   the foregoing is true and correct.

14           Executed on this  8th  day of December, 2020.

15

16                                                   By: _____

17                                                            Smiley James Harris, Attorney for Plaintiff/
                                                             Authorized Representative

18

19

20

21

22

23

24

25

26

27

28

smiley james (of harris (c) clan), sui juris
c/o 13417 Lakeshore Drive #552
Clearlake Park, California state Republic
Non-Domestic without the United States

**USPS Intl. Mail Manual**
742.1 Marking Postage Paid
742.2 Parcels w/o stamps - Treat as Pre-Paid
18 USC 1726 [DMM 602 1.23 (2)]

**First Class Mail**
Statutory Non-Domestic Fully Pre-Paid
12 Stat. at Law, Ch. 71, Sec. 23
Federal Offense to collect additional postage
18 USC 1726 ["without the United States"]

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

**RECEIVED**

DEC 10 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Clerk of the Court
United State District Court
Northern District of California
450 Golden Gate Avenue, Box 16111, 16th Flr.
San Francisco, California  94102



INSPECTED BY
U.S. MARSHAL
DEC 10 2020

