UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JAMES LA VELL HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LAKE, et al.,<br><br>Defendants. | Case No. 20-cv-09329-RMI<br><br>**INSTRUCTION TO REASSIGN CASE TO DISTRICT JUDGE; REPORT AND RECOMMENDATION**<br><br>Re: Dkt. No. 1 |

**INSTRUCTION TO REASSIGN CASE**

Pending before the court is a Complaint (dkt. 1) which, for the reasons stated below, is due to be dismissed with prejudice because it fails to state any cognizable claims and which is attended with such defects that cannot be remedied by way of amendment. Because the Complaint has not been served, and because the unserved Defendants have not consented to proceed before a magistrate judge, the undersigned lacks jurisdiction to enter a dispositive order in this case. *See Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (holding that the consent of all parties, including unserved defendants, is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under 28 U.S.C. § 636(c)(1)). Accordingly, the Clerk of Court is instructed to **REASSIGN** this case to a District Judge such that the dispositive recommendations contained herein may be ruled upon.

**REPORT AND RECOMMENDATION**

On December 10, 2020, Defendant filed yet another Complaint (dkt. 1) in a long line of semi-identical lawsuits filed in this court – this time, naming forty Defendants including Lake County California, the California Department of Motor Vehicles, the Clearlake Police Department,

the Lake County Sheriff's Department, the Lake County District Attorney's Office, Lake County Superior Court Judge David Markham, the All American Towing Company, and many others. *See generally* Compl. (dkt. 1). The gist of Plaintiff's allegations – which are generally reincarnations of his many prior lawsuits filed in this court – boil down to the fact that Plaintiff is a subscriber to the sovereign citizen ideology and views himself as exempt from the lawmaking authority of our local, state, and federal governments.[1]

## BACKGROUND

One of the two main underlying reasons that Plaintiff has spent years unsuccessfully suing state and local authorities in this court is his adamant and persistent desire to operate his motor vehicles on California roads and highways without complying with California's licensure requirements – such as possessing a valid driver's license. During these years, Plaintiff has filed his lawsuits under various names including: James Harris; James L. Harris; James La Vell Harris; Smiley Harris; Smiley James Harris; Harris Enterprises LLC; Harris Enterprises LLP; and, The Church of Greater Faith and Redemption. Due to his persistent unlicensed driving, Plaintiff has repeatedly received citations and has been assessed a variety of criminal charges and convictions,

---

[1] A detailed explanation of the tenets of this highly unusual and thoroughly debunked system of beliefs – amounting to little more than a series of baseless and senseless conspiracy theories – can be found on the following page of the website of the Southern Poverty Law Center:

https://www.splcenter.org/fighting-hate/extremist-files/ideology/sovereign-citizens-movement

In short, the ideology is based on the belief that the original system of government in this country (what sovereigns refer to as "common law") was secretly replaced by a new system based on admiralty law and the international law of commerce. Under what sovereigns call the common law, as the theory goes, the sovereigns would be free, but under admiralty law, they view themselves as enslaved; they believe that secret government forces have a vested interest in keeping them enslaved. Some sovereigns believe this transformation took place during the Civil War, some blame the Federal Reserve Act, and still others blame the abandonment of the gold standard. In any case, they are all adamant that judges around the country know about this supposedly secret government takeover but are denying the sovereigns' efforts to "redeem" their personages from this perceived state of captivity out of a treasonous loyalty to these hidden and malevolent government forces. Their process for "redeeming" themselves and splitting what they view as the straw-man persona, supposedly created for each American by the participants of the secret government takeover (denominated by writing people's names in all capital letters), from the flesh-and-blood person is called "redemption." Once separated from the corporate shell they view as having been created by the nefarious forces that secretly overtook the government, the newly freed person believes himself or herself to now exist outside of the jurisdiction of all admiralty laws – and, therein one can find the explanation for their refusal to acknowledge the "jurisdiction" of all governmental entities over their persons and their activities.

2

resulting in numerous periods of incarceration. The sum of those episodes has resulted in dozens of repetitive lawsuits in this court over a decades-long period of time, nearly all of which boil down to the perpetually-rejected notion that California has no jurisdiction over him or his unlicensed driving (due to a number of baseless sovereign citizen theories), invariably coupled with allegations to the effect that local jails violate the federal constitution by failing to provide him with marijuana while he is incarcerated.[2]

---

[2] *See e.g.*, *Harris v. Borg*, 3:92-cv-01768-BAC (habeas corpus action); *Harris v. White*, 3:95-cv-03293-FMS (habeas corpus action); *Harris v. Rowland*, 3:98-cv-04567-MHP (habeas corpus action); *Harris v. State of California et al*, 3:03-cv-05125-MMC (suing the State of California, the California Highway Patrol, and two individually named officers); *Harris v. State of California et al*, 3:04-cv-00427-JSW (suing the State of California, the California Highway Patrol, and two officers); *Harris v. Lake County et al*, 3:04-cv-00603-EDL (suing Lake County, the Lake County Sheriff's Department, the Lake County District Attorney's Office, and others); *Harris v. Lake County et al*, 3:05-cv-02555-EDL (suing Lake County, the Lake County Sheriff's Department, and others); *Harris v. State of California*, 3:09-cv-02829-SI (habeas corpus action challenging the jurisdiction underlying his unlicensed driving conviction); *Harris v. Lake County Jail et al*, 3:09-cv-03168-SI (suing the Lake County Jail and dozens of individual officers for failing to provide him with marijuana while incarcerated); *Harris v. State of California*, 3:09-cv-03257-SI (habeas corpus action challenging the jurisdiction underlying his unlicensed driving conviction, and complaining about being denied marijuana while incarcerated); *Harris v. Lake County Jail et al*, 3:09-cv-03758-SI (suing the Lake County Jail and several officers for failing to resolve Plaintiff's inmate grievances in a manner to his liking); *Harris v. Mitchell et al*, 3:09-cv-04470-SI (suing the Lake County Sheriff and others for allegedly miscomputing the length of his sentence); *Harris v. Lake County Jail et al*, 3:09-cv-05214-SI (suing the Lake County Jail and others over the particular housing unit in which Plaintiff was placed); *Harris v. Mitchell et al*, 3:11-cv-01651-SI (suing the Lake County Sheriff and others based on his jurisdictional challenge to his convictions for unlicensed driving); *Harris v. Lake County Jail et al*, 1:11-cv-06209-NJV (suing the Lake County Jail and several individual officers for failing to provide him with marijuana while incarcerated); *Harris v. City of Clearlake, et al*, 4:12-cv-00864-YGR (suing the City of Clearlake, the Clearlake Police Department, and several individually named officers based on a citation received for a traffic violation while riding a bicycle); *Harris v. Lake County Sheriff's Department et al*, 5:14-cv-03076-PSG (suing the Lake County Jail and others for failing to provide him with marijuana while incarcerated); *Harris v. Lake County Sheriff's Department et al*, 5:14-cv-03305-PSG (suing the Lake County Sheriff's Department and others for failing to provide him with marijuana while incarcerated); *Harris v. Lake County Superior Court et al*, 5:14-cv-03652-PSG (suing the Lake County Superior Court, the Lake County District Attorney's Office, the California Department of Motor Vehicles, and others based on the sovereign citizen theory that executing a "UCC" agreement with himself exempted him from punishment for driving without a license); *Harris v. Lake County Sheriff's Department et al*, 1:15-cv-00850-NJV (suing Lake County, the Lake County Sheriff, and several individual officers for failing to provide him with marijuana while incarcerated at a local jail); *Harris v. Lake County et al*, 1:15-cv-03117-NJV (suing Lake County, the Lake County Sheriff's Department, and several others for failing to provide him with marijuana while incarcerated); *Harris v. Lake County et al*, 3:15-cv-05580-WHA (suing Lake County, the Lake County Sheriff, and several individual officers for failing to provide him with marijuana while incarcerated at a local jail); *Harris v. Lake County Superior Court et al*, 4:17-cv-01785-JST (suing the Lake County Superior Court, the Lake County District Attorney's Office, the Clearlake Police Department, and various attorneys and officers for prosecuting Plaintiff's unlicensed driving); *Church Of The Greater Faith & Redemption et al v. City of Clearlake et al*, 4:17-cv-04204-JST (suing the City of Clearlake and others for refusing to permit him to cultivate marijuana); *Harris v. City of Clearlake*, 4:17-cv-05126-YGR (suing the City of Clearlake and others for refusing to permit him to cultivate marijuana); *The People of the State of California v. Harris*, 4:19-cv-01677-YGR (attempting unsuccessfully to remove

3

In nearly all of these cases, Plaintiff's challenges to his many unlicensed driving convictions rest on his sovereign citizen ideologies to the effect that the State of California and its agents and officers have never had jurisdiction over his person or his activities on the basis of such frivolous and baseless reasoning including: California authorities have used capital letters when writing his name on charging instruments meaning that they are referring to a straw-man version of his natural personage and not him; that he is a secured party creditor for himself which somehow purports to absolve him of criminal liability for driving without a license; or, that he has never entered into a contract with California by which the state may exercise jurisdiction over him. In so filing these serial and repetitive actions, Plaintiff has wasted no shortage of this court's time and resources. Of course, his suggestions about the effects of writing his name in capital letter typography, or about being a "secured party creditor" for himself, or about the lack of a contract between him and California operating to deprive California of the authority to enforced its traffic laws and regulations against him all sound in well-known and common sovereign citizen theories which have been roundly rejected by the courts. *See e.g., Vazquez v. California Hwy. Patrol*, No. 2:15-cv-756, 2016 WL 232332, 2016 U.S. Dist. LEXIS 6722 at *3 (E.D. Cal. Jan. 19, 2016) (finding plaintiff's "secured party creditor" theory to be "clearly frivolous," warranting dismissal of Section 1983 complaint without leave to amend); *Williams v. Scheingart*, No. C 15-3013-MMC, 2015 WL 7351388, 2015 U.S. Dist. LEXIS 157440, at *1 (N.D. Cal. Nov. 20, 2015) (dismissing habeas petition, without leave to amend, that sought release from custody, as well as monetary relief against various officials, on the ground that the state court in which plaintiff was convicted lacked jurisdiction over plaintiff because he is a "sovereign citizen."); *Culpepper v. Biddle*, No. CV 18-8826-JFW (GJS), 2018 U.S. Dist. LEXIS 187497, at *8, *11 (C.D. Cal. Nov. 1, 2018) ("Petitioner deems himself a 'secured party creditor' . . . [a]s a threshold matter, Petitioner's sovereign citizen-type assertions are so patently frivolous and specious that little

---

a pending criminal case for unlicensed driving from state court into federal court); *Harris v. State of California et al*, 3:19-cv-02982-EMC (suing the State of California, Lake County, and others for failing to provide him with marijuana while incarcerated); *Harris v. People of the State of California*, 3:19-cv-03317-SI (challenging the jurisdiction of the Lake County Superior Court in a criminal matter involving driving without a license); and, *see also Harris v. USA*, 1:21-cv-00820-RMI (claiming the right to quiet title to 600 acres of federal land that was supposedly sold to him by Lake County for approximately $187).

4

discussion about them is required. The Court rejects them summarily for the same reasons adduced and explicated in numerous other decisions."); *see also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing the "sovereign citizen" defense as having "no conceivable validity in American law").

## DISCUSSION

In the Complaint (dkt. 1) in the instant case, Plaintiff has simply rehashed the same essential contentions with which he has bombarded this court for decades. His First Cause of Action (*see id*. at 21) challenges his local convictions for driving without a license based on the all capital letter typography with which his name was written on the paperwork in state court proceedings. In this regard, he claims he is entitled to relief from those prosecutions because (1) he is a natural person, not the fictional entity (all capital letter named entity) "that was created by the State of California," which he contends is somehow evidenced by the fact that he is a secured party creditor for himself. The Second Cause of Action challenges a 2018 traffic citation based on the notion that he was ticketed for a moving violation "without any evidence of a contractual obligation" between himself and California such that California could contractually enforce its laws against him. *See id*. at 22. The Third Cause of Action challenges a 2019 arrest and conviction for a moving violation based on the notion that there had not been "any showing of proof being made by the District Attorney's Office as to the requirements of 'subject-matter' and 'in personam' jurisdiction . . ." *See id*. The Fourth Cause of Action alleges that while Plaintiff was fingerprinted and photographed during a booking process at a jail in 2019, that his failure to consent to the fingerprinting and photographing constituted a "theft of private property." *Id*. at 22-23. The Fifth, Sixth, Seventh, and Eighth Causes of Action rehash Plaintiff's repetitive claim that his rights were violated during his incarceration in Lake County in 2018 and 2019 because he was not provided with marijuana. *Id*. at 23-24. The Ninth Cause of Action contends that the judge and officers of the Lake County Superior Court violated Plaintiff's rights by allowing and maintaining

Plaintiff's prosecution for a criminal offense in derogation of Plaintiff's assertion of a sovereign citizen doctrine, namely, "Dishonor in Commerce," thus rendering the prosecution as "an act of Extortion, Coercion, Treason." *Id*. at 24-25. The Tenth Cause of Action names several California appellate judges and contends that sustaining his criminal conviction on appeal "in the absence of proof of subject-matter and in personam jurisdiction" constituted "an Obstruction of Justice, a Dishonor in Commerce, Racketeering, A Conspiracy to Defraud," and an act of Extortion, Coercion, [and] Treason." *Id*. at 25. Lastly, the Eleventh Cause of Action faults the California Department of Motor Vehicles for not adhering to Plaintiff's sovereign citizen ideology and therefore "contributing to the conspiracy against plaintiff resulting in plaintiff's prosecutions in Lake County . . ." *Id*. at 26.

In essence, Plaintiff's Complaint does little more than complain of a "conspiracy" in California (amongst various government officers, deputies, lawyers and judges) to do nothing more than to enforce the laws of the State of California. As mentioned, <u>all</u> of the contentions presented by Plaintiff in the Complaint in this case have already been litigation in this court before – again and again. For example, his oft-repeated claim that his free exercise rights, or his Eighth Amendment rights, or his equal protection rights were violated each time that jail officials refused to provide him with marijuana has already been discussed at length and denied several times, including in *La Vell Harris v. Lake Cnty*. Jail, No. C-11-6209 NJV, 2012 U.S. Dist. LEXIS 54550, at *1 - *31 (N.D. Cal. Apr. 18, 2012) (holding that Harris cannot state a deliberate indifference claim because there is no constitutional right to demand the medicine of his choosing; nor can he state a discrimination claim because the prohibition applied universally; nor has Harris alleged a burden on his religious practice and even if he could point to a burden in this instance, it is beyond question that correctional institutions have a legitimate penological interest in regulating marijuana as a controlled substance, an illicit drug, and/or as contraband in their facilities); *see also Harris v. Cal. Med. Forensic Serv.*, No. 15-cv-03117-NJV, 2016 U.S. Dist. LEXIS 133752, at *7-8 (N.D. Cal. Sep. 28, 2016) ("Indeed, as the Honorable District Judge Alsup informed Plaintiff in another of his cases regarding the denial of the use of marijuana in the jail, 'no plausible federal claim can be drawn from plaintiff's allegations regarding the denial of his requests to use

1    marijuana, which is illegal under the federal Controlled Substances Act. As the undersigned judge
2    recently affirmed: 'It is a longstanding maxim of law that [n]o court will lend its aid to a party
3    who founds his claim for redress upon an illegal act.'" (quoting *Harris v. Lake County, et al*, 15-
4    cv-5580-WHA, (Dkt. 10) at 2, citing *Smith v. City of Berkeley*, No. 15-04227, 2015 U.S. Dist.
5    LEXIS 170826, 2015 WL 9269964 at *2 (N.D. Cal. December 21, 2015)); *see also Harris v. Lake*
6    *Cnty. Jail*, No. C 09-3168 SI (pr), 2011 U.S. Dist. LEXIS 46792, at *17-18 (N.D. Cal. May 2,
7    2011) ("The court has considered *People v. Harris* and finds that it does not mandate a different
8    result here. First, the appellate opinion does not constitute evidence of serious medical need. The
9    opinion addressed a limited question of statutory construction, specifically whether medical
10   marijuana authorized by Cal. Health & Safety Code §§ 11362.5, 11362.7 *et seq*. qualified as a
11   "controlled substance" under Penal Code § 4573.5. The court made no findings regarding Harris'
12   medical condition. And the parties only stipulated to the fact that Harris had a doctor's
13   authorization for the use of medical marijuana, not the medical condition for which it was
14   provided. Indeed, the only mention of Harris' condition in the entire opinion is a reference to the
15   letter Harris sent to county authorities prior to his surrender, where he advised them that he used
16   marijuana for 'chronic pain.'"). Thus, Harris has never been able to, nor can he now state a
17   cognizable § 1983 claim to the effect that any provision of federal law requires a local jail to
18   provide him with the medicine of his choosing, especially if it is substance the possession of
19   which is illegal under federal law.
20       As to the remainder of Plaintiff's causes of action – all of which boil down to frivolous
21   challenges (most of which are rehashed from previously denied and dismissed lawsuits in this
22   court) to his state court convictions for unlicensed driving or other moving violations, those are
23   similarly due to be dismissed with prejudice. Those challenges are barred by *Heck v. Humphrey*,
24   512 U.S. 477, 486-487 (1994) (Holding that in order to recover damages for an allegedly
25   unconstitutional conviction or imprisonment, or for other harm caused by actions whose
26   unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
27   conviction or sentence has been reversed on direct appeal, expunged by executive order, declared
28   invalid by a state tribunal authorized to make such determination, or called into question by a

federal court's issuance of a writ of habeas corpus.). This court has previously applied the *Heck* bar to this exact claim by this same Plaintiff in relation to similar state courts convictions, as well as to a number of the exact convictions challenged here (*see* Compl. (dkt. 1) at 17-21). *See e.g., Harris v. Lake Cnty. Superior Court*, No. C 14-3652 PSG (PR), 2014 U.S. Dist. LEXIS 168362, at *3 (N.D. Cal. Dec. 3, 2014) (applying *Heck* to Plaintiff's pre-2014 convictions); *Harris v. Lake Cnty. Sheriff's Dep't*, No. C 14-3076 PSG (PR), 2015 U.S. Dist. LEXIS 82249, at *4 (N.D. Cal. June 23, 2015) (finding Plaintiff three-strikes barred and revoking IFP status). As to Plaintiff's post-2014 state court convictions, due to the frivolous nature of the basis for those challenges, namely his sovereign citizen challenges to California's enforcement of its laws, Plaintiff simply will not be able to amend such as to meet the standard set forth in *Heck*, rendering the granting of any leave to amend an exercise in futility.

## CONCLUSION

In short, as discussed herein, Plaintiff has wasted no shortage of this court's time and resources. The cycle that constantly repeats itself is as follows: Plaintiff stubbornly violates California law again and again by driving on public roads without adhering to the regulations for doing so, each instance of which causes him to suffer repeated convictions. Those convictions then each cause him to repeatedly run to this court and, in what can only be described as a Sisyphean endeavor in that Plaintiff repeatedly seeks to challenge those convictions by re-presenting his sovereign citizen theories (which, ironically, are what caused him to suffer the convictions in the first place), only to have his theories rejected again and again. Therefore, based on the authorities cited above, and for the reasons expressed by the many judges of this District on the numerous prior occasions that Plaintiff has presented these same frivolous arguments, the undersigned recommends Plaintiff's Complaint (dkt. 1) be dismissed with prejudice.

//
//
//
//
//

Any party may file objections to this report and recommendation with the district court within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) & (C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED.**

Dated: May 10, 2021

_____
ROBERT M. ILLMAN
United States Magistrate Judge